INTOXICATING LIQUORS (§ 205*)—WRONGFUL SALE—LOCAL OPTION.

Since the act of 1909 (Acts 31st Leg. 1st Called Sess., c. 35), making a sale of intoxicating liquors in a local option district a felony, did not take effect until July 10th of that year, it would be presumed, in the absence of a subsequent election, that the law in force on July 1, 1909, and prior thereto, was still in force, and an indictment alleging that a prohibition election was held anterior to July 1, 1909, and in accordance with the laws of the state, sufficiently showed that the local option law was in force at and prior to July 1, 1909, and was therefore sufficient as to the date.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 225; Dec. Dig. § 205.*]

Appeal from Ellis County Court; J. C. Lumpkins, Judge.

Joe Cobb was convicted of selling liquor in a local option district, and he appeals. Affirmed.

·C. A. Pippin, of Dallas, and Jno. H. Sharp, of Ennis, .for appellant.   C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, J.   The indictment alleges that a prohibition election was held "anterior and prior to July 1, 1909, and in accordance with the laws of said state," etc.   The contention of appellant is that the indictment is defective, in that it does not show that the court had jurisdiction of the offense attempted to be charged, because the court judicially knows that the 31st Legislature passed a law making the sale of liquor in local option territory a felony (Laws 1909, 1st Called Sess., c. 35), and that said law does not apply to counties or subdivisions thereof, unless a local option election in said county or subdivision thereof was held subsequent to the passage of said law, and the court does not know judicially when the local option election alleged to have been held in this indictment was held, if held at all, and the court judicially knows that, unless said election was held prior to the passage of said law, the court had no jurisdiction, because there is no allegation in said indictment as to when said election was held.   An inspection of the indictment shows it alleges that the election was held prior to July 1, 1909.   Under this allegation. the party would subject himself. to prosecution under the penalty in force under and by virtue of the law at the time said election was held, and, if there was no subsequent election, he would be punishable, if punishable at all, under and by virtue of the law that was in force at the time the sale was made.   An inspection of the Acts of 1909 will show that the felony statute did not go into effect until some time in July, 1909.   The called session of the Legislature enacting the felony punishment adjourned on the 11th day of April, the act taking effect 90 days after adjournment.   Therefore the conclusion, in the absence of a subsequent· election, is that the law in force on July 1, 1909, and prior thereto is still in force.   In order to get away from this proposition, it should be shown there had been a subsequent election, by which the election held prior to the 1st of July was nullified.   We think, therefore, that the allegation in the indictment is sufficient to show that the law was in effect at the time and prior to July 1, 1909, and, going to the statement of facts, we find that it is admitted that the election was then in effect and is still in effect.   We are of opinion that the indictment is sufficient as to the date.

The evidence in the case is seriously in conflict.   The state's case shows the sale of the whisky by two witnesses; that for the appellant is equally as positive that it did not occur.   Where the evidence is in this condition, this court will not be authorized to set aside the conviction.

The judgment is affirmed.

## MASSIE v. STATE.

(Court of Criminal Appeals of Texas.   Jan. 28, 1914.)

CRIMINAL LAW (§ 1167*)—APPEAL—INDICTMENT—COUNTS—MOTION TO QUASH.

Denial of a motion to quash certain counts of an indictment, which the court did not submit to the jury, is harmless.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3101, 3103–3106; Dec. Dig. § 1167.*]

Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge.

W. A. Massie was convicted of forgery, and he appeals.   Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J.   Appellant wàs convicted of forgery, and his punishment assessed at five years' confinement in the state penitentiary.

No statement of facts or bills of exceptions accompany the record.·   The indictment contains a number of counts, but, as the court submitted only the first count in the indictment, the action of the court in overruling the motion to quash the other counts in the

indictment need not be considered. There was no motion to quash the count which was by the court submitted to the jury.

The judgment is affirmed.